UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**BEVERLY T. KINDSCHUH,**

      **Plaintiff,**

      v.                                     **Case No. 09-C-214**

**BEN MERCER et. al.,**

      **Defendants.**

**BEVERLY T. KINDSCHUH,**

      **Plaintiff,**

      v.                                     **Case No. 09-C-397**

**CURRY FIRST,**

      **Defendant.**

## ORDER GRANTING MOTION TO DISMISS

On February 27, 2009, Beverly T. Kindschuh ("Kindschuh"), proceeding pro se, filed a complaint against various defendants associated with the City of Fond Du Lac as well as an attorney who represented her in a prior federal suit against the City of Fond Du Lac, Curry First ("First"). (Case No. 09-C-214, Docket No. 1.) On April 17, 2009, Kindschuh filed another complaint alleging the same facts but naming only First as a defendant. (Case No. 397, Docket No. 1.) Both cases have been assigned to this court, and the parties have consented to magistrate judge jurisdiction.

On May 4, 2009, First filed a motion to dismiss in Case No. 09-C-214. (Docket No. 18.) On May 15, 2009, Kindschuh responded. (Docket No. 27.) And on May 27, 2009, First replied. (Docket

No. 30.) On June 4, 2009, Kindschuh filed a document the court has docketed as a supplemental brief in opposition. (Docket No. 34.)

A scheduling conference was held with all parties in Case No. 09-C-214 on June 17, 2009. At this conference the court discussed First's motion to dismiss. Kindschuh confirmed that her claim against First is one for attorney malpractice relating to his representation of her in her prior federal action against the City of Fond Du Lac. Further, Kindschuh stated that her claim against First in 09-C-397 is identical to her claim against First in 09-C-214; she re-filed her complaint against First because she wanted to be explicit that she was alleging attorney malpractice. "ATTORNEY MALPRACTICE" is written clearly across the top of her complaint in Case No. 09-C-397.

As the court explained during the scheduling conference, federal courts are courts of limited jurisdiction. See 28 U.S.C. § 1300 et. seq. This means that only certain types of claims may be brought in federal court. Although Kindschuh believed that it was appropriate to bring her present actions against First in federal court because she is essentially attempting to undo what was done in her prior federal case, her belief is nonetheless mistaken. A claim for attorney malpractice, even when the underlying claim relates to an attorney's action in a lawsuit brought in federal court, generally does not present a basis for federal jurisdiction. The only exception to this general rule that might be applicable here would be if Kindschuh and First were residents of different states and the amount in controversy exceeded $75,000. See 28 U.S.C. § 1332. This exception is clearly not applicable because Kindschuh's complaints demonstrate that Kindschuh and First are both residents of Wisconsin. The proper forum for Kindschuh's attorney malpractice complaint against First is state court.

Accordingly, the court does not have subject matter jurisdiction over Kindschuh's complaint against First, and therefore, the court must grant First's motions to dismiss.

**IT IS THEREFORE ORDERED** that First's motion to dismiss in **Case No. 09-C-214**, (Docket No. 18), is **granted**. First is dismissed as a defendant in this action. The case shall continue against all other defendants.

**IT IS FURTHER ORDERED** that First's motion to dismiss in **Case No. 09-C-397**, (Docket No. 9), is **granted**. The case shall be closed. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this <u>19th</u> day of June 2009.

<u>s/AARON E. GOODSTEIN</u>
U.S. Magistrate Judge
